80,474-03

# The Court of Criminal Appeals of Texas

Cause Number 1284277-B
Writ of Habeas Corpus Pursuant to Art 11.07

Willie Edward Choice, Applicant

vs

The State of Texas

Dear Mr. Abel Acosta, Clerk
    Please file this Motion, and bring it to the Attention of this court, and Notify me at your earliest Convenience.
Your time is greatly Appreciated,

Respectfully Submitted

_Willie Choice_ 12/18/2014

Willie Edward Choice
1776962 Neal Unit O.59
9055 Spur 591
Amarillo Texas 79107

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 02 2015

Abel Acosta, Clerk

MOTION DENIED
DATE: 2-11-15
BY: PC

CAUSE NO. 1284277-B

WILLIE EDWARD CHOICE             §      IN THE COURT OF CRIMINAL
                                 §
VS                               §      APPEALS
                                 §
STATE OF TEXAS                   §      AUSTIN TEXAS
                                 §

Motion to object to the trial court finding of facts and
conclusion of law.

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now applicant Willie Edward Choice before this court in this
motion and object to the trial courts conclusion of law on the
following in the States application page 3 at 16 alleged the app-
licant was not placed in jeopardy twice for same offense. See
State wrif exhibit B and C indictment. In the probable cause rep-
ort taken by affiant Jackie Blanchard during the forenic interview
of the complaintant Datavia M. Evangelista third paragraph under
probable cause. The complainant alleged on or about October 20,
2010 at 1006 Carolyn Ct., Humble Texas the offense supposedly
occurred against her. The affiant Jackie Blanchard appeared be-
fore the assistant district attorney of Harris county Texas and
stated under oath that Willie Edward Choice the defendant alleg-
edly committed the offfense against the child on or about March
17, 2010 inconstant with the childs statement in the report. In
the second paragraph in the probable cause report the affiant
interviewed the sister Davondria Evangelista that stated during
the interview alleged the offense committed against her on March
17, 2010 however the affiant Jackie Blanchard stated under oath
that the offense allegedly occurred against the child Davondria
Evanglista on or about October 20, 2010 inconstant with the re-
port. This error violates the applicants right to due process of

law, U.S. Constitution fourteenth and fifth... Amendment. However, both girls testified in the first trial cause no. 1284276 litigating their claim against the applicant therein was found not guilty and acquitted of the offense alleged. The State was barred from relitigating the same issues in a second trial. Applicant believe that because of the affiant error to due process of law both indictments should have been "Squashed". Applicants **trial** counsel was on a fully probated suspension and was not eligible to practice law in the state of Texas deceitfully took the case. Under the circumstances did not challenge the State prosecutor or made any attempt to prevent a second prosecution. Violated double jeopardy U.S. Const. 5th Amendment. (see) document from the State bar of Texas. Applicant pray that the Court of Criminal Appeal will act accordingly as justice require.

Respectfully Submitted

_____ 12/08/2014
Signature

# STATE BAR OF TEXAS



*Office of the Chief Disciplinary Counsel*

October 23, 2014

Willie Edward Choice
TDCJ #01776962
Neal Unit
9005 Spur 591
Amarillo, Texas 79107

Re:     Osborne, John Carroll Barcard #15333200

Mr. Choice:

Pursuant to your request, I have researched our disciplinary records and report that we show the following:

The following disciplinary action involving professional misconduct has been taken against Mr. Osborne's law license.

| Action Date | Sanction | Start/End Date |
|---|---|---|
| 09/09/2013 | Partially Probated Suspension | 01/01/2014-12/31/2014: suspension 01/01/2015-12/31/2016: probation |
| 12/15/2009 | Fully Probated Suspension | 01/01/2010 -12/31/2013 |

Please let me know if you need additional information or if I can be of further assistance to you.

Sincerely,

Areli Arellano
Office of the Chief Disciplinary Counsel
State Bar of Texas

12/18/2014